IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

COREY J. WILLIAMS                                                         PETITIONER

VS.                          CASE NO. 5:14CV00188 BSM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                             RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Corey J. Williams seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Williams is currently in the custody of the Arkansas Department of Correction (ADC) as a result of his convictions for aggravated robbery and theft of property, with enhanced sentences because he committed the robbery with a firearm and because he was an habitual offender. Mr. Williams was sentenced to 47 years' imprisonment. On direct appeal, Mr. Williams alleged the trial court erred by denying his motion to quash the amended information adding the firearm enhancement charge because the State failed to rebut the presumption of prosecutorial vindictiveness, and that the firearm enhancement was an illegal sentence. The Arkansas Court of Appeals affirmed the convictions. *Williams v. State*, 2013 Ark. App. 179. Mr. Williams sought relief pursuant to Rule 37 in state court, advancing the following claims: (1) the prosecutors were vindictive when they amended the felony information to include a firearm enhancement after the first trial ended in a mistrial due to a hung jury; (2) his recorded statement introduced at trial was coerced; (3) trial counsel was ineffective in failing to inform the court of the existence of a letter from the victim stating that she did not want the petitioner to be prosecuted; (4) trial counsel was ineffective in failing to make any objections during trial; and (5) the trial court erred in finding he was not entitled to a copy of the trial transcript at public expense to prove his claim of ineffective assistance of counsel. The trial court denied him relief without a hearing. The petitioner filed a *pro se* notice of appeal, lodged the record in the Arkansas Supreme Court, and filed a motion for an extension of time to file his appeal brief and for

transcript. On February 13, 2014, the Arkansas Supreme Court dismissed the appeal and denied the motion for extension of time, ruling that it was clear that Williams could not prevail if the appeal were permitted to proceed.

In his current habeas corpus petition, filed on May 14, 2014, Mr. Williams claims:

(1) the trial court erred by denying his motion to quash the state's amended information which added the firearm enhancement charge because the state failed to rebut the presumption of prosecutorial vindictiveness;

(2) he received ineffective assistance of counsel when his attorney failed to make effective use of the victim's statement that she did not want Mr. Williams to be prosecuted;

(3) his recorded statement introduced at trial was coerced; and

(4) he was denied his constitutional right to counsel at the initial collateral review stage.

By Order dated June 16, 2014, this Court notified Mr. Williams that ground three could possibly be dismissed due to procedural default, and Mr. Williams was invited to address this issue. He has done so, filing a responsive pleading. Docket entry no. 9. We first consider whether ground three is properly before this Court, and then will address grounds one, two, and four.

**Procedural Default of Ground Three:** The respondent contends that claim 3 is not properly before this Court due to the petitioner's failure to adequately raise this claim in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that Mr. Williams failed to raise this claim of a coerced confession on direct appeal, which was the proper time and venue for pursuing the claim.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir.

l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

It is apparent from the record, and undisputed by the petitioner, that ground three was not raised at trial or on direct appeal. The claim was advanced in the petitioner's Rule 37 petition. The trial court, in its Rule 37 decision, found that the issue of a coerced confession was an issue to be raised at trial, not on Rule 37 collateral review. The trial court also found the ground was lacking in factual basis. Docket entry no. 7-8, page 18.

Liberally construing his responsive pleading, Mr. Williams argues that he was denied counsel at the initial collateral review stage and, pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), he is therefore entitled to now raise the coerced confession claim without a showing of cause and prejudice. We find no merit in this argument, because the claim which he advances, the erroneous admission of a coerced statement, was not one which is cognizable in a Rule 37 proceeding. The narrow *Martinez* exception applies to substantial claims which were properly raised in a Rule 37 petition.

He also seems to re-phrase the coerced confession claim, painting it as a challenge to his trial counsel (ineffectiveness for failing to raise the issue of the coerced confession) rather than a more direct challenge to the admission of his confession at the trial. The Arkansas Supreme Court, however, addressed his claims of ineffective assistance of counsel, and also addressed his challenge to the confession, in the denial of Rule 37 relief on appeal. The Arkansas Supreme Court did not view this claim as a challenge to the efficacy of counsel, and the Rule 37 petition presented the challenge as follows: "Coerced Confession. Audio evidence used in trial are clearly coerced by Detective Michael Gibbons who verbally walked me through every stage of the supposedly robbery." Docket entry no. 7-8, page 14. Simply put, the petitioner did not raise a challenge to his attorney regarding the confession. As a result, ground three should be dismissed as procedurally barred.

Even if we were to presume the third ground for relief is properly before this Court, we find no merit to the claim, regardless of whether the claim is viewed as a direct challenge to the confession's admission or as a claim that his attorney was ineffective for failing to challenge its admission. If viewed as a challenge to the trial court's decision to admit the statement, this is essentially a claim that Mr. Williams was denied due process by the trial court's ruling.

> In order to establish a denial of due process, the petitioner must prove that the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States ex rel. Cannon v. Maroney*, 373 F.2d 908, 910 (3rd Cir. 1967), or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process. *Lisenba v. California*, 314 U.S. 219 (1941). In making this determination, the courts must review the totality of the facts in the case pending before them and analyze the fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012). Here, he makes no such showing. A review of the statement reflects that Mr. Williams acknowledged an understanding of what was occurring when he gave the statement, and

noted that he had been given his *Miranda* warning, which he understood.[1] There is no factual basis for establishing that the statement was coerced, and we find no error in its admission at trial. It follows that due process was not violated in this regard.

If viewed as a challenge to trial counsel's performance, Mr. Williams must demonstrate that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

Mr. Williams proves neither prong of the *Strickland* analysis. There is no showing that his attorney should have challenged the statement. Even if we were to assume his attorney should have challenged the statement, and that he successfully challenged the statement, Mr. Williams can not show prejudice from his attorney's omissions. This is so because the evidence adduced at trial, even without the statement of the petitioner, was ample to support the convictions. The victim's testimony that Williams pointed a gun "right at my chest, put it up against my skin" and robbed her of about $30 in cash and a cell phone was very damaging. Even without Williams' statement, the evidence was sufficient to support his convictions, and therefore he cannot show prejudice regarding the statement.

---

[1] Mr. Williams' extensive criminal history (twenty prior felony convictions) suggests a familiarity with the proceedings.

Having found ground three should be dismissed as procedurally barred and also as without merit, we now consider the remaining claims for relief.

**Prosecutorial vindictiveness and trial court error in failing to quash the amendment to the information:** Mr. Williams raised this claim on direct appeal. The Arkansas Court of Appeals addressed the claim as follows:

> Appellant Corey James Williams was found guilty of aggravated robbery (Class Y felony) and theft of property (Class A misdemeanor), and his sentence was enhanced by seven years pursuant to Arkansas Code Annotated section 16–90–120 for employing a firearm in the commission of a felony. On appeal, he challenges the firearm enhancement on the following grounds. (1) the circuit court erred in denying his motion to quash the State's amendment of the information to add the firearm enhancement charge because the State failed to rebut the presumption of prosecutorial vindictiveness, and (2) the firearm enhancement is an illegal sentence because it is contrary to the criminal code's provision that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." We affirm.
>
> In October 2010, the State filed a felony information charging appellant with aggravated robbery, felony theft of property, and possession of a firearm by certain persons. [footnote omitted] Appellant's jury trial on the charges of aggravated robbery and theft of property was held on September 27, 2011. After the jury was unable to reach a verdict, the circuit court granted appellant's motion for mistrial without objection by the State. Two days later, on September 29, 2011, the State filed an amended information adding a firearm enhancement under Arkansas Code Annotated section 16–90–120 (Supp.2011). Appellant filed a motion to quash the amendment, arguing that it was the result of prosecutorial vindictiveness following his successful exercise of his right to a jury trial.
>
> The court held a hearing on appellant's motion to quash on January 23, 2012. After the defense presented its argument, the court denied the State's motion to deny the motion to quash based on a failure to make a prima facie case. The burden then shifted to the State to rebut the presumption that the amendment to the information was the result of prosecutorial vindictiveness. The State called two deputy prosecutors to testify regarding the filing of the amended information. Both testified that in the week before trial they noticed that the firearm enhancement had been omitted from the initial information. They discussed whether to amend the information at that time but decided not to do so in order to avoid a possible continuance. The circuit court found that the State had successfully rebutted the presumption of prosecutorial vindictiveness. Accordingly, the court denied appellant's motion to quash.
>
> The second jury trial was held on February 8, 2012. Immediately before the trial began, the State made an oral motion to amend count 2, changing it from felony to misdemeanor theft of property. At trial, the State presented evidence that appellant and another man took a jar of money and a cell phone from the victim at gunpoint. The jury returned verdicts of guilty on all charges, including the firearm enhancement, and appellant was sentenced as follows, forty years for

7

aggravated robbery, one year [concurrent] in the county jail for theft of property, and seven years for the firearm enhancement—for a total of forty-seven years imprisonment. Appellant appeals from the sentencing order that was entered on February 17, 2012.

## 1. *Prosecutorial Vindictiveness*

Appellant contends that the circuit court clearly erred in finding that the State rebutted the presumption of prosecutorial vindictiveness that arose when the State added a firearm-enhancement charge to the information two days after his first trial ended in a mistrial. Appellant cites *Blackledge v. Perry,* 417 U.S. 21 (1974); *Phavixay v. State,* 2009 Ark. 452, 352 S.W.3d 311; and *Townsend v. State,* 355 Ark. 248, 134 S.W.3d 545 (2003), for the proposition that "[a] presumption of prosecutorial vindictiveness arises when a prosecuting attorney files an additional charge after the defendant's initial trial that exposes the defendant to a longer possible period of imprisonment."

We agree with the State that no presumption arose in the present case because appellant's unopposed mistrial motion due to a hung jury was not the exercise of a legal right as contemplated by the United States Supreme Court in *Blackledge* and by the Arkansas Supreme Court in cases including *Phavixay.* In those cases, the amendment to bring more serious charges followed the defendants successful exercise of their appeal rights. In general, a modification in a charging decision that follows a mistrial for neutral reasons, such as a hung jury, and without objection from the government, raises no presumption of vindictiveness because there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial. *E.g., United States v. Rodgers,* 18 F.3d 1425 (8th Cir.1994) (the defendants' acquittals in the first trial did not involve the exercise of a right by the defendants that would raise a presumption of vindictiveness), *United States v. Perry,* 335 F.3d 316 (4th Cir.2003) (no presumption of vindictiveness arises following unopposed mistrial due to deadlocked jury). Appellant has not cited any authority to the contrary, and we hold that a presumption of prosecutorial vindictiveness did not arise on this record.

Even if the presumption had arisen, we would still affirm because the trial court's finding that the State successfully rebutted the presumption was not clearly erroneous. In *Gardner v. State,* 332 Ark. 33, 963 S.W.2d 590 (1998), our supreme court summarized the law on vindictive prosecution and wrote the following.

> We hold that Gardner has established a prima facie due process violation by showing that the State added a charge against him so as to expose him to a greater range of punishment following the successful collateral attack of his guilty plea. Thus, this case turns on whether the State sufficiently rebutted a presumption of vindictiveness.
>
> ....
>
> We agree that in the case of added counts, a prosecutor should be able to rebut a presumption of vindictiveness with an objective,

> on-the-record explanation. In the present case, there is more than a simple subjective assertion of the prosecutor's good faith. Rather, the prosecutor explained that "a lot of times he did not completely review a case until just before trial." He stated that the cost of obtaining these records was a factor in waiting until trial was imminent. Because the case did not proceed to trial, the prosecutor did not discover the existence of the prior convictions. Moreover, the prosecutor pointed out that when he filed the information against Gardner on the escape count, prior to the federal grant of habeas relief, he charged Gardner as a habitual offender. Thus, this also arguably rebuts a likelihood of vindictiveness given that the prosecutor had charged Gardner as a habitual offender before the exercise of his federal habeas rights. In sum, the prosecutor produced objective, on-the-record evidence from which the trial court could find a sufficient justification for the addition of the habitual count. Based on these facts, we cannot say that the trial court was clearly erroneous in allowing the State to amend the information to add the habitual count.
>
> *Gardner,* 332 Ark. at 44–47, 963 S.W.2d at 596–97. Here, the deputy prosecutors provided an objective, on-the-record explanation with their testimony that they initially decided not to amend the information to include the firearm enhancement in the interest of judicial economy, to avoid a continuance. After the first trial ended in a hung jury, the threat of delay was no longer a factor. On this record, the trial court did not clearly err in determining that the State rebutted the presumption of prosecutorial vindictiveness.

*Williams v. State*, 2013 Ark. App. at 1-5.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>         . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the

state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

In this instance, the petitioner does not cite any federal law or case which was offended by the decision of the Arkansas courts regarding the alleged vindictiveness of the prosecution. We have carefully reviewed the trial transcript and the decisions rendered in state court, and find no evidence that the rulings in state court were contrary to established federal law. In addition, there is no showing that the state court decision in this regard was an unreasonable determination based on the facts adduced. Indeed, the trial court's decision, following a hearing on the issue, was reasonable. There is no merit to claim one.

**Ineffective assistance of counsel when his attorney failed to make effective use of the victim's statement that she did not want Mr. Williams to be prosecuted:** The petitioner raised this claim in his Rule 37 proceeding, and the Arkansas Supreme Court, on appeal, addressed the issue:

> Appellant also argued that he was entitled to relief based on the denial of a fair and impartial trial because counsel failed to inform the trial court of the existence of a letter from the victim stating that she did not want appellant to be prosecuted. According to the trial record, the existence of the letter and its admissibility was addressed by the trial court prior to trial. The State argued that it anticipated that counsel would attempt to introduce a statement from the victim stating, "I do not wish to prosecute," and it objected to the introduction of the statement. After considering arguments from the State and defense counsel, the trial court indicated that it was not going to allow the actual written statement to be introduced. During the trial, counsel attempted to elicit testimony from the victim on cross-examination that she was not testifying against appellant voluntarily. As the trial record refuted the claim that counsel failed to inform the trial court of the existence of the statement from the victim, and counsel, in fact, attempted to introduce evidence of the victim's hesitancy to testify against appellant, there was no basis for a finding of ineffective assistance of counsel.

*Williams v. State*, 2014 Ark. 70, at 2.

As with his first ground for relief, the petitioner bears the burden of showing the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). He fails to do this, essentially reiterating the allegations he unsuccessfully raised in state court. The trial record shows that the victim testified that Mr. Williams had apologized and returned her cash and cell phone, that she had no ill will toward the petitioner, and that she was testifying under subpoena. (Tr. 217-218). The state court was correct when it found that there was no basis for ineffective assistance of counsel for allegedly failing to inform the trial court that the victim did not want to prosecute Williams. Therefore, the second ground is without merit.

**He was denied his constitutional right to counsel at the initial collateral review stage:** Citing *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the petitioner alleges he was denied his constitutional right to counsel at the initial collateral review stage. This is a misreading of the *Trevino* case, which grew out of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as those cases do not establish a new, freestanding claim for habeas corpus relief. Instead, those cases address the issue of whether there are circumstances where certain habeas claims may be advanced when those claims would otherwise be procedurally barred from consideration. As a result, while *Trevino* and *Martinez* may at times be of assistance in allowing a petitioner an avenue for raising other claims of ineffective assistance of counsel, the cases are not a basis for habeas relief in and of themselves. Ground four is without merit.

Therefore, we recommend that the claims of Mr. Williams be dismissed due to the procedural default of ground three and due to the lack of merit of all claims. We recommend that the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a

denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __8__ day of October, 2014.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE